UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| MARKIESE KING, | : | CIV. NO. 21-5628 (RMB/KMW) |
| Plaintiff | : | |
| | : | **OPINION** |
| v. | : | |
| X. PONCA *et al.*, | : | |
| Defendants | : | |

BUMB, United States District Judge

Plaintiff Markiese King, a federal prisoner presently confined in the Federal Correctional Institution in Pollock, Louisiana brings this pro se civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>. 403 U.S. 388 (1971) for alleged unconstitutional conduct of prison employees at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"). (Compl., Dkt. No. 1.) Plaintiff filed an application to proceed *in forma pauperis* ("IFP") which establishes his financial eligibility to proceed without prepayment of fees under 28 U.S.C. § 1915. (Dkt. No. 4.) Plaintiff also filed a motion to appoint pro bono counsel under 28 U.S.C. § 1915(e)(1). (Dkt. No. 5.)

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action regarding prison conditions and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) and 42 U.S.C. § 1997e(c)(1) require courts to review the complaint and *sua sponte* dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant

who is immune from such relief. For the reasons discussed below, the Court will permit the complaint to proceed in part.

I.   Sua Sponte Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a pro se complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing pro se pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339–40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions." Courteau v. United States, 287 Fed.Appx. 159, 162 (3d Cir.2008) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir.2000)). Therefore, the Court relies on precedent discussing the Rule 12(b)(6) motion to dismiss standard for failure to state a claim. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II.     DISCUSSION

    A.     The Complaint

Plaintiff alleges the following facts in his complaint, accepted as true for purposes of screening for dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1). (Compl. at 1-6, Dkt. No. 1.) At the time of the incidents alleged in the complaint, Plaintiff was confined in FCI Fort Dix. During this time, Plaintiff worked for UNICOR, sewing clothes for the United States Army. He alleges sexual harassment and retaliation by Defendant Officer X. Ponca ("Ponca").

Specifically, Plaintiff alleges that while he was working one morning, Ponca called him into his office. Plaintiff alleges Ponca "had a creepy grin on his face," and to break the silence, Plaintiff asked if there was a problem. Ponca responded that his sources told him Plaintiff was in the TV room with a transgender person with the lights out. Plaintiff contends he told Ponca not to disrespect him, left the office, and informed other inmates of

the encounter. Plaintiff further alleges that Ponca told the entire UNICOR factory that Plaintiff had been in a dark room with a transgender person.

Plaintiff approached Ponca and asked him to stop spreading misinformation. Ponca allegedly called him into the office again, and asked if Plaintiff "knew what it felt like being inside a man." He allegedly told Plaintiff "there was nothing wrong with it" and "not to knock it until you try it" because "it's the same feeling as a woman." Ponca then allegedly asked Plaintiff if the tattoos on his hands were new, grabbed Plaintiff's left hand, and began caressing it "in a sexual manner…." Plaintiff immediately removed his hand, and upon leaving the office, Ponca allegedly stated, "the world is changing, and you will one day understand what I'm saying."

The following day, Plaintiff went to the psychology office and filed a PREA complaint. Plaintiff alleges that when Ponca discovered he had filed the PREA complaint, he began harassing him with cell searches and writing him up for no reason. Plaintiff reported Ponca's behavior to the psychology office on multiple occasions, but he was told there was nothing they could do.

Weeks after filing the PREA complaint, Plaintiff was sent to the Special Housing Unit ("SHU") from September 30, 2020 to October 21, 2020. Plaintiff alleges Ponca set this up by having Inmate Ryker file a false PREA complaint against Plaintiff.  While in the SHU, Plaintiff was interviewed by the Special Investigation Section ("SIS") and claims SIS knew that a prison official had coerced Ryker to falsify a PREA complaint and wanted to know who did it. Upon release from the SHU, Plaintiff spoke to staff in the psychology department again, asking them to add information to his existing PREA complaint against Ponca.

Plaintiff alleges that he quit his UNICOR job on March 3, 2021, because he felt unsafe and uncomfortable in the presence of Ponca. Plaintiff further alleges that he has felt stressed, scared and suicidal. He filed a BP-8 remedy form and asked his unit team for an administrative remedy, to no avail. Plaintiff filed this suit against Ponca, the Fort Dix Psychology Department, Associate Warden Dr. Kodger, and the Federal Bureau of Prisons. Plaintiff did not specify the relief sought.

B.   Bivens Claims

1.   *Immunity*

Plaintiff named as defendants the Federal Bureau of Prisons and the Fort Dix Psychology Department. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). Congress has not waived sovereign immunity for damages claims based on constitutional torts against federal agencies, in fact Congress has not created a statutory claim analogous to 42 U.S.C. § 1983 for constitutional tort claims against federal actors. See generally Ziglar v. Abbasi, 137 S. Ct. 1843 (2017). Therefore, the Court will dismiss the damages claim against the Federal Bureau of Prisons, and the FCI Fort Dix Psychology Department, which is a department within the Federal Bureau of Prisons. Dismissal of the damages claims are with prejudice based on Eleventh Amendment immunity. Plaintiff is not precluded from seeking prospective injunctive relief from the Bureau of Prisons, but he has not requested injunctive relief in his complaint. Moreover, Plaintiff may bring damages claims against individuals within the Fort Dix Psychology Department in their individual capacity.

        2.    *First Amendment Retaliation and Eighth Amendment Claims may proceed against Officer Ponca and Dr. Kodger in their individual capacities*

Plaintiff adequately pled a First Amendment retaliation claim. As to Plaintiff's Eighth Amendment claims against Ponca (for sexual harassment) and Kodger (for failure to protect), the Third Circuit Court of Appeals recently held that where a transgender prisoner allegedly informed prison officials repeatedly that the prisoner felt unsafe housed in a minimum security cell with no lock (even though the minimum security facility had no locks on any cells) due to the institution's "violent morale," and prison officials failed to immediately transfer her, the court must accept the Plaintiff's expressed fears at face value, despite no specific threat or alleged pattern of sexual assaults at the facility. See Shorter v. United States, No. 20-2554, 2021 WL 3891552 (3d Cir. Sept. 1, 2021) (reversing district court's dismissal without prejudice to amend, and rejecting Government argument that such broad standard imposed a "strict liability rule" that all transgender inmates are at excessive risk at all times.)  Therefore, the Eighth Amendment claims may proceed.

    B.    Motion to Appoint Pro Bono Counsel

Plaintiff seeks appointment of pro bono counsel. 28 U.S.C. § 1915(g) governs a court's discretionary appointment of pro bono counsel in civil cases. Prior to appointing counsel, district courts must first determine if the plaintiff's claims have arguable merit in fact and law. Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). If so, courts should consider additional factors including the plaintiff's ability to present his or her case, the difficulty of the legal issues, the ability of the plaintiff to pursue a factual investigation, and whether the case turns on credibility determinations or requires expert witness testimony. Id. at 156-57.

Plaintiff has demonstrated an adequate understanding of the law and the ability to present the relevant facts by filing his pro se complaint in this matter. If Plaintiff encounters

circumstances that inhibit his ability for self-representation as the case progresses, he may renew his request for appointment of pro bono counsel. The Court will deny the motion to appoint pro bono counsel without prejudice.

III.   CONCLUSION

For the reasons stated above, the Court allows the complaint to proceed in part and dismisses the complaint in part. The Court denies Plaintiff's request for pro bono counsel without prejudice.

An appropriate order follows.

DATE: <u>September 8, 2021</u>

                                         <u>s/Renée Marie Bumb</u>
                                         **RENÉE MARIE BUMB**
                                         **United States District Judge**