**\*\*NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| **MARKIESE KING,** | : CIV. NO. 21-5628 (RMB-AMD) |
| **Plaintiff,** | : OPINION |
| v. | : |
| **XAVIER PONCE, et al.,** | : |
| **Defendants** | : |

**RENÉE MARIE BUMB**, Chief United States District Judge

This matter comes before the Court upon Defendant's letter request, which this Court construes as a motion under Federal Rule of Civil Procedure 41(b), to dismiss this action based on Plaintiff's failure to prosecute. (Motion, Dkt. No. 53.) On November 29, 2023, this Court granted Defendants' motion to dismiss Plaintiff's *Bivens* claims in his amended complaint. (Order, Dkt. No. 49.) Plaintiff's pro bono counsel, having been appointed for the limited purpose of representing Plaintiff on his *Bivens* claims, withdrew from the case. (Letters, Dkt. Nos. 50, 51.) Therefore, this Court ordered Plaintiff to inform the Court, by February 9, 2024, whether he intended to prosecute his claim for injunctive relief. (Order, Dkt. No. 52.) The time to respond has passed, and Plaintiff has not responded to this Court's order. Therefore, the Court will determine whether dismissal, with prejudice, under Federal Rule of Civil Procedure 41(b) is appropriate.

1

Federal Rule of Civil Procedure 41(b) provides,

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-- operates as an adjudication on the merits.

Because dismissal with prejudice is a "drastic sanction," this Court must determine whether the following factors support the sanction: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary …; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

Plaintiff is now personally responsible, as a *pro se* litigant, for prosecuting his claim for injunctive relief. Defendants are prejudiced if the case is not dismissed because they must continue to retain counsel in a case where Plaintiff has ignored the Court's direction to advise whether he intends to prosecute the case *pro se*, after his claims for damages were dismissed and pro bono counsel withdrew. Although Plaintiff has not displayed a history of dilatoriness, it appears given his lack of response that he simply does not intend to prosecute this matter further. It is not known whether Plaintiff's failure to respond to the Court's order was willful. Where the very issue Plaintiff failed to address is whether he intended to continue to

prosecute this action *pro se*, as to injunctive relief only, an alternative sanction beyond dismissal would not be effective.  Finally, although Plaintiff's claims had sufficient merit to proceed beyond screening for failure to state a claim, intervening Supreme Court precedent supported Defendants' motion to dismiss the *Bivens* claims for damages, leaving only a claim for injunctive relief.  The *Poulis* factors weigh in favor of dismissal with prejudice under these unique circumstances.  The Court will dismiss the amended complaint (Dkt. No. 22) with prejudice, pursuant to Federal Rule of Civil Procedure 41(b).

An appropriate Order follows.

**Date:  March 27, 2024**

                                            <u>s/Renée Marie Bumb</u>
                                            **RENÉE MARIE BUMB**
                                            **Chief United States District Judge**